UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLARD WILL BEE LAWSON,

    Plaintiff,

    v.                                          CAUSE NO. 3:24-CV-604-JD-SLC

J. HOLT, HAHN, STEVE OLIVER,
QUALITY CORRECTIONAL CARE, and
LaPORTE, CITY OF,

    Defendants.

OPINION AND ORDER

Willard Will Bee Lawson, a prisoner without a lawyer, filed an amended complaint. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lawson alleges that on July 9, 2024, there was an electrical fire at the LaPorte County Jail, where he is detained awaiting trial. He complains that he and the other inmates on N-3 Medical Block were exposed to the smoke and fumes from the fire for more than three hours. He alleges the entire dayroom and cells were nothing but clouds of white smoke and says there was a continuous cloud of white smoke coming from the

vents or somewhere behind the brick walls. Lawson alleges he hit the emergency call button several times and submitted several pre-grievances, grievances, and medical requests, but he and the other inmates were not evacuated, and it took more than three hours for a nurse to come check on them.

Lawson alleges he was told to wear a mask, but he was not provided with one. Instead, he says he wrapped his face with clothes but still felt dizzy and sick. He alleges he vomited three times and was dizzy and light-headed for several hours. Lawson believes he will have permanent lung and heart damage from the smoke exposure.

Lawson sues jail staff Lieutenant D. Holt, Lieutenant D. Hahn, and Lieutenant Oliver,[1] because they are responsible for his safety and security. He says these defendants should have evacuated them so that they would not have been forced to inhale the toxic fumes and smoke.

As a pretrial detainee, Lawson is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and

---

[1] Lawson submitted a letter, asking to update the names of the defendants. ECF 7. He cannot amend his complaint in a piecemeal fashion. The Local Rules of this District require that an amended pleading "reproduce the entire pleading as amended," rather than simply incorporating a prior pleading by reference. N.D. Ind. L.R. 15-1. Therefore, if he wants to change the defendants he must do so in an amended complaint.

*Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). Pretrial detainees must also be reasonably protected from a substantial risk of serious harm. *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022).

A pretrial detainee states a valid Fourteenth Amendment claim against an individual defendant by alleging that the defendant "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Mays v. Emanuele*, 853 F. App'x 25, 27 (7th Cir. 2021) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining whether a challenged condition is reasonable or whether it amounts to punishment, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Lawson has plausibly alleged that the smoke and fumes from the fire presented a substantial risk of serious harm to him. But he does not provide a basis to conclude that any of the named defendants acted unreasonably towards that risk. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation, *see*

*Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018), and a defendant cannot be held liable just because they supervise others at the jail, *see Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). As to the jail staff mentioned in the complaint, Lawson does not describe their role at the jail or explain why he believes they should be held responsible, other than, perhaps, the fact that they hold supervisory roles at the jail. It is unclear whether any of them were even aware of the fire when it happened or had the authority to order an evacuation. Lawson cannot proceed against these defendants without some basis to link them to the alleged constitutional violation.

In addition, Lawson sues Quality Correctional Care, the private company that provides medical care at the jail, because the company is responsible for his medical well-being. Lawson is entitled to constitutionally adequate medical care, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to their health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). But Lawson hasn't identified a viable theory of liability to hold the company liable. Quality Correctional Care cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of respondeat superior. *See, e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Instead, it can be held liable only if the company itself had an unconstitutional policy or custom that was the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235-36 (7th Cir. 2021); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436

4

U.S. 658 (1978). Lawson does not identify a policy or custom attributable to Quality Correctional Care that contributed to his injuries.

Finally, Lawson sues the City of LaPorte. Like Quality Correctional Care, the City of Laporte can be liable under § 1983 only for its own unconstitutional policies or customs that cause a constitutional violation. *Seee Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Lawson provides no reason to hold the city responsible for events that occurred at a county jail.

This complaint does not state a claim for which relief can be granted. If Lawson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Willard Will Bee Lawson until **December 4, 2024**, to file an amended complaint; and

(2) CAUTIONS Willard Will Bee Lawson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 30, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT