UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLARD WILL BEE LAWSON,

    Plaintiff,

    v.

                             Case No. 3:24-CV-604 JD

J. HOLT,

    Defendant.

**OPINION AND ORDER**

Willard Will Bee Lawson is proceeding pro se against Assistant Jail Commander J. Holt, claiming that he "respond[ed] unreasonably to the risk posed by the smoke from the electrical fire that occurred on or around July 9, 2024, at the LaPorte County Jail in violation of the Fourteenth Amendment." (Screening Order, DE 18 at 6.) Holt moved for summary judgment, arguing that he was not personally involved during the incident. (Def.'s Mot. Summ. J., DE 45.) With the motion, Holt provided Lawson the notice required by Northern District of Indiana Local Rule 56-1(f). (DE 46.) Included in the notice were copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. For the reasons explained below, the Court will grant Holt's motion for summary judgment.

**A.  Summary Judgment Standard**

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency*, 621 F.3d 651, 654 (7th Cir. 2010).

### B.  Undisputed Material Facts

Under Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. Holt submitted a Statement of Material Facts, supported by his own and Corporal Kaczka's affidavits.[1] Lawson has not filed a Response to Statement of Material Facts and has cited no evidence supporting disputes of fact. While at one point in his brief, he refers to "attached documents as well as previously provided documents," there are no documents attached with his filing, and the Court won't scour the docket to determine whether Lawson's statements are backed up by evidence. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir. 1994) ("We have endorsed the exacting obligation these rules impose on a party contesting summary judgment to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute, explaining that district courts are not obliged in our

---

[1] He also submitted a video recording of the outside of the detainee cells of the N3 block. However, he does not cite the video recording, and it does not otherwise appear to be relevant to the issues before the Court.

adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions."). As a result, the Court accepts Holt's statement of material facts as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

Holt has been the assistant jail commander of the LaPorte County Jail since May 20, 2022. On July 9, 2024, Lawson was detained and housed in Cell Block N3. That day, Holt was off duty, and Kaczka was the officer in charge of the jail. Kaczka was told that there was smoke in the N3 block. He went to investigate and determined that the smoke was not cigarette smoke. He and the jail deputies searched every cell for the cause of the smoke, noting that there was more smoke in cell N3-2, but they could not identify the source of the smoke anywhere in the block. They searched other floors as well but could not find where the smoke originated. Kaczka ordered that all cells be left open with a fan running in the hallways to dissipate the smoke.

Kaczka called maintenance who inspected the area but could not locate the source of the smoke either. They concluded that a piece of insulation in the vicinity of the N3 block must have fallen into the AC motor and heated up causing smoke. Since the smoke was dissipating, maintenance concluded that there was no emergency. There was no further issue with smoke on July 9, 2024.

Holt was not called during the incident and he made no decisions regarding the detainees in the N3 block, including Lawson.

## C.  Discussion

Since Lawson was a pretrial detainee at the time of the incident, his constitutional rights are derived from the Fourteenth Amendment's Due Process Clause. *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id*. (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id*. (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendants "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendants' conduct was objectively unreasonable. *Miranda v. Cty. of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2472–74 (2015)); *see also Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019) (extending *Kingsley's* objective inquiry to all Fourteenth Amendment conditions-of-confinement claims brought by pretrial detainees).

In this lawsuit, Lawson maintains that he should have been evacuated from the N3 block during the incident and that Holt's response to the risk posed by the smoke violated his rights under the Fourteenth Amendment. In his motion for summary judgment, Holt argues that he bears no liability to Lawson because he had no personal involvement in the smoke incident and cannot be liable for the actions of others, even if they were under his supervision. The Court agrees.

The undisputed evidence shows that Holt was off duty at the time of the incident, and he was not contacted or made any decisions about the response to the incident. In other words, he was not personally involved in the response to the incident. Yet assuming there was a violation

of Lawson's constitutional rights, to recover damages from Holt, Lawson must prove that Holt was personally involved in the violation. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based upon personal liability and predicated upon fault."). A defendant cannot be liable without "a showing of direct responsibility for the improper action[.]" *Id.* What's more, unless Holt knew of the subordinates' conduct and approved it and the basis for it, even as a supervisor, Holt may not be held liable for the actions of others because there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). As this circuit has explained:

> The doctrine of *respondeat superior* cannot be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

*Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and internal quotation marks omitted). Without evidence that Holt was in some way involved, no reasonable jury could find that Holt violated Lawson's Fourteenth Amendment rights.

Lawson also argues that the jail's policies and procedures require that Holt should have been notified of the incident regardless of whether he was on duty. According to Lawson, since this procedure was not followed, Holt is liable for the guards' failure to evacuate him from the N3 block. There are two problems with this argument. First, Lawson did not submit any policies with his response brief, so they're not part of the evidence that the Court may consider. Second, "a violation of jail policy alone does not violate the constitution." *Dickerson v. Milwaukee Cnty.*, No. 22-CV-1475, 2023 WL 2541450, at *2 (E.D. Wis. Mar. 16, 2023) (citing *Pulera v. Sarzant*,

966 F.3d 540, 551 (7th Cir. 2020)). In any case, it was Kaczka who would have violated the policy, assuming it exists and applies to the smoke incident, not Holt who was not present at the jail, and the Court knows of no legal theory that would subject Holt to liability under these circumstances.

### D.  Conclusion

For these reasons, the Court:

(1) GRANTS J. Holt's motion for summary judgment (DE 45); and

(2) DIRECTS the Clerk to enter judgment for J. Holt and against Willard Will Bee Lawson and to close this case.


SO ORDERED.

ENTERED: May 22, 2026

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court